IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**RICKEY DAVIS**                                                                               **PETITIONER**

**v.**                                                                               **NO. 2:14-cv-137-KS-MTP**

**CHRISTOPHER EPPS AND WARDEN J. BUSCHER**                  **RESPONDENTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the *pro se* Petition of Rickey Davis for Writ of Habeas Corpus [1]. Having considered the submissions of the parties, the record, and the applicable law, the undersigned recommends that the Petition for Writ of Habeas Corpus [1] be dismissed without prejudice.

## PROCEDURAL HISTORY

On December 10, 2012, Petitioner pled guilty to aggravated assault in the Circuit Court of Lawrence County, Mississippi. He was sentenced to serve a term of twenty years in the custody of the Mississippi Department of Corrections, with two years and three months imprisonment and seventeen years and nine months of post release supervision, with five years supervised.[1] On July 29, 2013, after Petitioner was released from prison, his post release supervision was revoked due to a subsequent arrest, and the remaining seventeen years and nine months of his sentence were reinstated.[2]

On August 7, 2013, Petitioner filed a motion to withdraw his 2012 guilty plea in the

---

[1] *See* Circuit Court Sentencing Order [9-1] at 2.

[2] *See* Circuit Court Order of Revocation [9-2] at 1.

1

Circuit Court of Lawrence County.[3]  On January 16, 2014, Petitioner filed a Petition for Writ of Mandamus in the Mississippi Supreme Court.[4]  The circuit court denied Petitioner's motion to withdraw his guilty plea on February 10, 2014.[5]  Accordingly, on May 21, 2014, the Mississippi Supreme Court dismissed Petitioner's Writ of Mandamus [9-5] as moot.[6]

After the circuit court denied Petitioner's post-conviction motion to withdraw his guilty plea, Petitioner filed a Notice of Appeal on April 8, 2014.[7]  On September 18, 2014, however, Petitioner filed a motion to voluntarily withdraw his appeal,[8] and on October 16, 2014, the supreme court granted the motion.[9]

Petitioner filed the instant habeas petition on August 25, 2014, raising the following grounds for relief (as stated by *pro se* Petitioner):

1. That the statute under which I were convicted and/or sentenced was obtained unconstitutional.

2. That the conviction or the sentence was imposed in violation of the Const. of the U.S. or the Const. of laws of Miss.

3. That there exists evidence of material facts, not previously presented and heard

---

[3] *See* Motion [9-3].

[4] *See* Petition for Writ of Mandamus [9-5] at 1-2.

[5] *See* Supreme Court Order Dismissing Motion to Withdraw Guilty Plea [9-6] at 1.

[6] *See* Supreme Court Order Dismissing Motion for Writ of Mandamus [9-7] at 1.  The undersigned notes that Petitioner filed a second Petition for Writ of Mandamus [9-8] seeking a ruling on a motion for post conviction relief, challenging the Circuit Court's revocation of Petitioner's post-release supervision.  On June 11, 2014, the motion was denied. *See* Order [9-9].

[7] *See* Notice [9-10] at 1.

[8] *See* Motion to Withdraw [9-12] at 1.

[9] *See* Order [9-13] at 1.

>    that requires vacation of the conviction or sentence in the interest of justice.
>
> 4. That his plea was made involuntarily.
>
> 5. Ineffective assistance of counsel.[10]

Respondents filed their Response [9] on November 7, 2014, arguing that the petition should be dismissed for failure to exhaust state remedies. Respondents emphasize that by withdrawing his appeal to the supreme court voluntarily, Petitioner failed to proceed in a procedurally proper manner and therefore waived his right to have the Mississippi appellate courts review his claim on the merits.[11]

## ANALYSIS

As outlined above, Respondents argue that the petition should be dismissed because Petitioner has failed to properly exhaust his claims. Under 28 U.S.C. § 2254(b)(1), a state prisoner seeking habeas relief is required to first exhaust state remedies. Section 2254 provides, in relevant part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> (A) the applicant has exhausted the state remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the appellant.
>
> . . .

---

[10] *See* Petition [1] at 1.

[11] *See* Response [9] at 6 (citing *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001)).

> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

"A fundamental prerequisite to federal habeas relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court under § 2254(b)(1) prior to requesting federal collateral relief." *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). The exhaustion doctrine serves the salutory purpose of "giving the state courts the first opportunity to review the federal constitutional issues and to correct any errors made by the trial courts, [and thus] serves to minimize friction between our federal and state systems of justice." *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989) (internal quotations and citations omitted).

"Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999) (citing *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998)). Further, exhaustion requires a habeas applicant to "present his claims before the state courts in a procedurally proper manner according to the rules of the state courts." *Id.* (citing *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988)).

In this case, the undersigned finds that Petitioner has failed to properly exhaust his

claims in state court. As set forth above, Petitioner properly filed a notice of appeal after the trial court denied his motion to withdraw his guilty plea, but he voluntarily withdrew his appeal. Thus, Petitioner's claims have not been "fairly presented" to the Mississippi Supreme Court in a "procedurally proper manner," as the state court did not have the opportunity to consider the merits of Petitioner's grounds for relief. *Mercadel*, 179 F.3d at 275. Accordingly, Petitioner has failed to fulfill the exhaustion requirement of 28 U.S.C. § 2254(b)(1), and his petition should be dismissed.

While a habeas petitioner's failure to properly exhaust his claims in state court often results in a dismissal without prejudice, Respondents in this case argue that the instant petition should be dismissed with prejudice because Petitioner's claims are procedurally defaulted. *See* [9] at 5.

Under the procedural-default doctrine, federal courts are precluded from reviewing a prisoner's habeas claim where the state court declined to address the claim for failure to meet a state procedural requirement. "This Court will not review a question that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). To satisfy the "independent" and "adequate" requirements, the state court's dismissal must clearly and expressly reflect that it rests on a state procedural bar, and the bar must be strictly or regularly applied by state courts to the vast majority of similar claims. *Martin v. Maxey*, 98 F.3d 844, 847 (5th Cir. 1996). However, even where a state court has not explicitly held a claim to be procedurally barred, when "it is obvious that the unexhausted claim would be procedurally barred in state court, we will forego the needless 'judicial ping-pong' and hold the claim procedurally barred from habeas review." *Sones v. Hargett*, 61 F.3d 410, 416

5

(5th Cir. 1995) (quoting *Steel v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993); *see also Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001) ("If a petitioner fails to exhaust state remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claims procedurally barred, then there has been a procedural default for purposes of federal habeas corpus relief.").

In this case, no state court has held that any of Petitioner's claims are procedurally barred. Instead, Respondents argue that because Petitioner voluntarily withdrew his appeal, Mississippi Code Annotated § 11-3-15 precludes him from bringing another appeal. Section 11-3-15 provides that, "[a]fter the dismissal of an appeal or supersedeas by the Supreme Court, another appeal or supersedeas shall not be granted in the same cause, so as to bring it again before the Court." Respondents, however, provide no authority showing that the Mississippi Supreme Court strictly and regularly follows this procedural rule. Respondents have not provided a clear indication that this procedural rule would be applied to Petitioner's claims if this action were dismissed without prejudice. Additionally, the undersigned has not found any authority from the United States Court of Appeals for the Fifth Circuit or the district courts of this circuit recognizing Section 11-3-15 as an independent and adequate state procedural bar that is strictly and regularly followed. Thus, the undersigned finds that it is not *obvious* that Petitioner's claims would be procedurally barred in state court.[12] Accordingly, the undersigned will recommend dismissal of the petition without prejudice.

---

[12] The undersigned notes that if a state court explicitly holds that Petitioner's claims are procedurally barred, Petitioner will bear the burden of establishing that the State does not strictly or regularly follow the procedural bar. *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997).

**RECOMMENDATION**

For the reasons stated above, the undersigned recommends that Petitioner's petition for Writ of Habeas Corpus [1] be DISMISSED WITHOUT PREJUDICE.

**NOTICE OF RIGHT TO OBJECT**

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 8th day of July, 2016.

                                                s/ Michael T. Parker
                                                United States Magistrate Judge