IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

RICKEY DAVIS #R0590                                                                         PETITIONER

VS.                                                        CIVIL ACTION NO. 2:14cv137 KS-MTP

CHRISTOPHER EPPS and                                                                    RESPONDENT
WARDEN J. BUSCHER

### ORDER

This cause is before the Court to be heard on Report and Recommendation [11] of Magistrate Judge Michael T. Parker, Objection thereto [13] filed by Respondents Christopher Epps and Warden J. Buscher. The Court has considered the above, as well as the record herein and finds that the Report and Recommendation should be adopted as the opinion of this Court for the following reasons:

It should be noted that the Petitioner, Rickey Davis, files no objection to the Report and Recommendation and that the Objection that is filed by the state actors challenges only one portion. The issue before the Court is whether or not the dismissal recommended by Judge Parker will be with or without prejudice. The benefit of a dismissal with prejudice would have precedential value to the state actors going forward and would also help reduce the potential "judicial ping-pong" described in *Sones v Hargett*, 61 F.3d 410, 416 (5th Cir. 1995)(quoting *Steel v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993)). The question boils down to whether or not *Mississippi Code Annotated*. §11-3-15 precludes a party from bringing another appeal and whether Rule 4(h) M.R.A.P. 4(a) precludes someone from seeking to reopen his appeal at the

juncture where Davis's appeal is currently.

Judge Parker's recommendation is that the state courts have not spoken specifically on Davis's appeal nor is there any precedent for like cases foreclosing the reopening of the appeal or some other avenue to raise the issues claimed by Davis.

Judge Parker's recommendation specifically states as follows:

> In this case, no state court has held that any of Petitioner's claims are procedurally barred.  Instead, Respondents argue that because Petitioner voluntarily withdrew his appeal, Mississippi Code Annotated, §11-3-15 precludes him from bringing another appeal.  Section 11-3-15 provides that, "[a]fter the dismissal of an appeal or supersedeas by the Supreme Court, another appeal or supersedeas shall not be granted in the same cause, so as to bring it again before the Court."  Respondents, however, provide no authority showing that Mississippi Supreme Court strictly and regularly follows this procedural rule.  Respondents have not provided a clear indication that this procedural rule will be applied to Petitioner's claims if this action were dismissed without prejudice.  Additionally, the undersigned has not found any authority from the United States Court of Appeals for the Fifth Circuit or the district courts of this circuit recognizing §11-3-15 as an independent and adequate state procedural bar that is strictly and regularly followed.  Thus, the undersigned finds that it is not obvious that Petitioner's claims would be procedurally barred in state court.  Accordingly, the undersigned will recommend dismissal of the petition without prejudice.  (Report and Recommendation [11] - 6).

What the state actors want this Court to do is find that there has been a procedural default for purposes of federal habeas and that the state strictly and regularly applies this rule.  Further, the state actors argue that Davis cannot satisfy the requirements of M.R.A.P. 4(h) and will not be granted permission to reopen his appeal.  While the Court understands the interest Respondents have in establishing judicial precedent, this Court believes that the application of state statutes and rules should be spoken to by the state courts first.  If Davis seeks to reopen his appeal or take other steps to exhaust his state remedies, then the courts of Mississippi will speak when this issue is raised by respondents.  Then all will know the position of the state courts and from that ruling the precedential value will be established and not by this Court presuming the result.

For the reasons above stated, the Court finds that the Objection is not well taken and that the dismissal will be without prejudice.

IT IS, THEREFORE, ORDERED that the Report and Recommendation [11] be and the same hereby is, adopted as the finding of this Court, and the Complaint is hereby dismissed without prejudice. A separate Judgment will be entered herein in accordance with this Order as required by Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this the 11th day of August, 2016.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE